# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| IN THE MATTER OF DISCIPLINE OF ROBERT W. WEATHERFORD, BAR NO. 7949. | No. 70474 |
| IN THE MATTER OF DISCIPLINE OF ROBERT W. WEATHERFORD, BAR NO. 7949. | No. 71328 |

FILED

OCT 14 2016

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

## *ORDER OF TEMPORARY SUSPENSION*

These are petitions under SCR 111 concerning attorney Robert Weatherford. The petition filed on May 31, 2016, in Docket No. 70474, is based on two convictions for misdemeanor battery in violation of NRS 200.481 arising out of incidents that occurred in December 2013 and January 2014. As required by SCR 111(4) because these convictions appeared to involve the use of alcohol and were not Weatherford's first such convictions, Bar Counsel investigated and presented the matter to a screening panel, which referred Weatherford for a formal hearing on violations of the RPC. Because the offenses are not "serious" as defined by SCR 111(6) but did not appear to be minor, we ordered Weatherford to show cause why he should not be temporarily suspended pending the outcome of the disciplinary proceedings. Shortly after Weatherford filed his response, Bar Counsel filed a second SCR 111 petition on September 22, 2016, in Docket No. 71328, based on Weatherford's conviction for resisting a public officer, a misdemeanor, arising out of an incident that occurred in March 2016. Again, because the conviction appeared to

16-32185

involve the use of alcohol, Bar Counsel investigated and presented the matter to a screening panel as required by SCR 111(4), and the screening panel referred Weatherford for a formal hearing on an RPC violation based on the conviction.

As indicated above, Weatherford has a history of criminal conduct involving the use of alcohol. He has three convictions for driving under the influence. Those convictions resulted in a temporary suspension under SCR 111 in 2011. *In re Discipline of Weatherford*, Docket No. 57926 (Order Imposing Temporary Suspension, November 17, 2011). In 2013, Weatherford entered into a conditional guilty plea in exchange for a two-year suspension retroactive to the date of the temporary suspension and his immediate reinstatement to the practice of law. While the conditional guilty plea and reinstatement were pending before this court for approval, Weatherford was arrested on the two incidents that resulted in the battery convictions. Weatherford did not self-report those convictions as required by SCR 111(2). Unaware of the battery convictions, this court approved the conditional guilty plea and reinstatement in September 2014. *In re Reinstatement of Weatherford*, Docket No. 63849 (Order Approving Conditional Guilty Plea and Order of Reinstatement, September 24, 2014). Weatherford's reinstatement to the practice of law was subject to several conditions to remain in effect for the first two years of his reinstatement, including that he enroll in a mentoring program with quarterly reports regarding his handling of cases and whether he was maintaining his sobriety, weekly attendance at Alcoholics Anonymous meetings, and four random urinalyses tests each year. *Id.* Those requirements were still in effect when Weatherford was arrested in March 2016 on the charges that resulted in the conviction for

resisting a public officer. The circumstances of that offense, as recited in the police reports included with the SCR 111 petition, are troubling and clearly involve the use of alcohol.

In response to the order to show cause issued in Docket No. 70474, Weatherford indicates that he has been struggling with mental health issues and was self-medicating with alcohol. He indicates that he recently has been prescribed a new medication and has been seeing a counselor and attending an outpatient program with Dr. Michael Levy. Weatherford indicates that he would be obtaining a letter or evaluation from a psychologist and supplementing his response, but he has not done so to date.

While we appreciate and commend Weatherford's recent efforts to address his mental health and alcohol abuse, we nonetheless are concerned that his convictions and the circumstances surrounding them reflect a pattern of misconduct that suggests unfitness to practice law. *See* 2 Geoffrey C. Hazard, Jr., W. William Hodes, & Peter R. Jarvis, *The Law of Lawyering*, § 69.04, at 69-13 (4th ed. 2015). The two incidents leading to the battery convictions occurred while the conditional guilty plea and reinstatement were pending before this court, wherein Weatherford's remorsefulness, acceptance of responsibility, and efforts at rehabilitation had been commended to this court. And the incident earlier this year occurred while Weatherford remained subject to the conditions on his reinstatement that clearly reflected this court's concern with his abuse of alcohol. Considering all of these circumstances, we conclude that a temporary suspension is warranted pending the outcome of the disciplinary proceedings based on these convictions.

Accordingly, we temporarily suspend attorney Robert Weatherford from the practice of law. *See* SCR 111(9). A referral for disciplinary proceedings is not necessary as such proceedings have already been initiated pursuant to SCR 111(4).

It is so ORDERED.[1]

_____ , J.
Cherry

_____ , J.
Douglas

_____ , J.
Gibbons

cc:    Chair, Southern Nevada Disciplinary Board
       C. Stanley Hunterton, Bar Counsel, State Bar of Nevada
       Michael J. Warhola, LLC
       Kimberly K. Farmer, Executive Director, State Bar of Nevada
       Perry Thompson, Admissions Office, United States Supreme Court

---

[1]This order constitutes our final disposition of these matters. Any future proceedings concerning Weatherford shall be filed under a new docket number.